(No. 85-CC-1096–

JANNA LEE MIXEN, Administrator of the Estate of Terry Mixen, deceased, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 4, 1988.*

MANDRGOC & LINKOWSKI, for Claimant.

NEIL F. HARTIGAN, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

DILLARD, J.

This cause is before the Court following oral argument on the above captioned claim, due notice having been given and the Court being fully advised in the premises, finds as follows:

Claimant, Janna Lee Mixen, was employed at the Dixon Developmental Center, Respondent's institutional facility for the disabled and handicapped at Dixon, Illinois. In the course of her employment as a Mental Health Technician I, Claimant was assigned to work in a cottage known as Acapulco cottage where certain aggressive male residents were housed. When assigned to work in the Acapulco cottage on December 1, 1982, Claimant was approximately five months pregnant. On said date, at or about 9:45 a.m., a resident, J.M., attacked another resident of the Acapulco cottage and Claimant, assisted by another employee, restrained J.M. The Claimant was finally able to get the resident to the floor and she restrained him while on her knees. While the resident was lying on his back on the floor, he struck out with his foot at the Claimant, and struck her in the abdominal area.

Claimant asserts that as a direct and proximate result of the resident striking her, the fetus was severely injured, and the result of which striking was the

premature Caesarean delivery of Terry Mixen on January 29, 1983, and his subsequent death on January 31, 1983. Claimant alleges the Respondent was negligent in not having adequate personnel to handle such aggressive patients and in failing to provide safe working conditions for female employees who were working while pregnant.

The Respondent has admitted that the staff-to-patient ratio was below normal on the date its resident struck the Claimant in her abdominal area. After an extensive review of the record and oral argument before this Court, we find that the Respondent was negligent with respect to the instant situation. Furthermore, the death of Claimant's infant was the direct and proximate cause of the Respondent's resident striking Claimant.

Since the infant, Terry Mixen, was viable when he was born, Claimant is entitled to bring an action for his death and for damages. After reviewing extensive case law similar to the present claim from Illinois and other jurisdictions and a review of the facts, it is clear that Claimant may recover monetary damages due to Respondent's negligence in this matter.

While there is evidence that Claimant's infant was afflicted with hyaline membrane disease, he was afflicted with this disease solely because of his premature birth. Medical records in the Court's record indicated that no congenital abnormalities were identified in this infant. Considering the entire record in this case and a substantial review of similar cases, Claimant is entitled to an award of $11,500.

It is therefore ordered, adjudged and decreed that Claimant is awarded eleven thousand five hundred dollars ($11,500.00) in full and complete satisfaction of this claim.